STATE EX REL. RAILROAD AND WAREHOUSE COMMIS-
SION AND ANOTHER v. DISTRICT COURT OF SECOND
JUDICIAL DISTRICT AND OTHERS.[1]

August 4, 1933.

Nos. 29,690, 29,691.

*Harry H. Peterson*, Attorney General, *Harry W. Oehler*, Deputy
Attorney General, *F. W. Root, C. O. Newcomb*, and *A. C. Erdall*,
for relators.

*O'Brien, Horn & Stringer*, for respondent Foley Brothers, Inc.

*PER CURIAM.*

A writ of prohibition is sought by the state and the Chicago,
Milwaukee, St. Paul & Pacific Railroad Company to prevent the
entry of judgment in the district court of Ramsey county reversing
an order of the commission, pending the determination of an appeal
to this court from an order denying a new trial. The commission's
order authorized the publication of a rate of four cents a hundred
pounds on sand, gravel, and crushed stone from the Twin Cities, St.
Louis Park, Lakeland, Winona, Preston, Mankato, and Faribault

[1] Reported in 250 N. W. 7.

to Albert Lea, Hayward, Oakland, Ramsey, Austin, Brownsdale, Dexter, Grand Meadow, Spring Valley, and Elkton. These destinations are points upon trunk highway No. 9 now proposed to be paved, and the commission sought to establish the proposed rate under the provisions of L. 1917, p. 834, c. 495. The trial court held the rates unlawfully discriminatory as against Foley Brothers, Inc., which has a plant at Preston for the production of such road materials. The merits of that holding are not before us. The court gave the appellants here a stay but made an order for the entry of judgment "unless on or before July 12, 1933, the Hallet Construction Company and the Chicago, Milwaukee, St. Paul & Pacific Railroad Company make and file a supersedeas bond in favor of Foley Brothers, Inc., in the sum of $5,000 * * * conditioned as provided by § 9500 of the 1923 General Statutes of Minnesota."

The state by the attorney general and railroad company contend that § 9500 does not apply to appeals of this character and that § 4659 alone controls. With this contention we agree, but it does not help the relators. The latter section provides that an appeal shall not stay the operation of such *order or judgment* unless the district or supreme court has so directed. No application has been made to this court. The proposed entry of judgment is therefore not without the jurisdiction of the district court.

The writ is discharged.

*STONE, Justice,* took no part.